IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01349-LTB

MOHAMED FARAY,

    Plaintiff,

v.

GENELEX CORPORATION,

    Defendant.

ORDER DENYING MOTION TO RECONSIDER

On December 13, 2012, Plaintiff submitted a Letter to the Court. The Court must construe the Letter liberally because Plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Letter as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). This case was dismissed on July 5, 2012, because Plaintiff failed to comply with the Court's order to properly complete a Complaint form and to submit a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that is properly notarized, has a complete affidavit, and states if Plaintiff desires to seek service of process by the United States Marshals Service. A motion to reconsider filed more than

twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit effective set forth under Rule 59(e)).  Mr. Plaintiff's Motion was filed five months after the Court's Order of Dismissal was entered on July 5, 2012.  Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

     Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Motion to Reconsider, therefore, will be denied.  Plaintiff is reminded that the action was dismissed without prejudice and he may file a new action is he so desires.  Accordingly, it is

ORDERED that the Letter, ECF No. 8, filed on December 13, 2012, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this  17th  day of    December   , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court